REQUESTED BY: Senator Samuel K. Cullan Nebraska State Legislature 1017 State Capitol Lincoln, Nebraska 68509
Dear Senator Cullan:
In your letter of March 25, 1983, you call to our attention Legislative Bill 319 and inform us that an amendment has been offered to this Legislative Bill and ask our opinion as to whether or not this amendment would render this bill violative of Article III, Section 18 of the Constitution of the State of Nebraska.
Generally speaking, Legislative Bill 319 relates to unemployment insurance and the amendment specifically would provide: `. . . and (r) service performed by an individual for a business engaged in compilation of marketing data bases if such service consists only of the processing of data and is performed in the residence of the individual.'
Article III, Section 18 of the Constitution of the State of Nebraska prohibits special legislation. You inform us that the floor debate concerning this amendment indicates that it was specifically drawn for the benefit of one particular existing corporation operating in Nebraska. You then inquire as to whether or not in our opinion this fact would render the entirety of the Legislative Bill special legislation and therefore unconstitutional in violation of Article III, Section 18 of the Constitution of the State of Nebraska.
While it is true as you suggest, legislative debate is of value in determining questions of constitutionality, the actual wording and the import of the actual words used is of primary concern.
From our reading of this amendment, it does not appear by its actual words to be so restrictive as to limit its application to a particular corporation, even though at the present time in the minds of its proponents only one beneficiary may be envisioned. Even if as a matter of fact this amendment would apply at the present time to only one corporation such would, in our opinion, still not render this provision unconstitutional so long as the language creating the classification would admit additions to that class.Campbell v. City of Lincoln, 182 Neb. 459, 155 N.W.2d 444,Axberg v. City of Lincoln, 141 Neb. 55, 2 N.W.2d 613.
Therefore, in conclusion, while the proponents of this particular amendment may believe that it will benefit a single corporation, the language used appears to us to be broad enough to admit an unlimited number of additions to the class and as such, we do not believe the amendment would be violative of Article III, Section 18 of the Constitution of the State of Nebraska.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General